# United States Court of Appeals
## For the First Circuit

No. 06-1774

HOULTON BAND OF MALISEET INDIANS,

Plaintiff, Appellant,

v.

PATRICIA E. RYAN, Executive Director, Maine Human Rights
Commission; MAINE HUMAN RIGHTS COMMISSION MEMBERS; G. STEVEN
ROWE, Attorney General of the State of Maine; CONNIE ZETTS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Douglas J. Luckerman, with whom Law Office of Douglas J.
Luckerman, Michael A. Duddy, Kelly, Remmel & Zimmerman, and David
Kaplan were on brief, for appellant.
Christopher C. Taub, Assistant Attorney General, with whom G.
Steven Rowe, Attorney General, Paul Stern, Deputy Attorney General,
and John P. Gause, Counsel to the Maine Human Rights Commission,
were on brief, for appellees Ryan, Maine Human Rights Commission
Members, and Rowe.

April 17, 2007

**LYNCH**, **Circuit Judge**.  The Houlton Band of Maliseet Indians ("Houlton Band") is an Indian tribe based in northern Maine and the plaintiff in this lawsuit.  According to the tribe's complaint, in August 2005 the Houlton Band ended its employment relationship with Connie Zetts, an employee who had worked in the tribe's health clinic since November 2004.  Zetts proceeded to file charges of employment discrimination with the Maine Human Rights Commission ("the Commission"), a state agency that investigates discrimination charges.  She alleged that the Houlton Band had violated the Maine Human Rights Act, Me. Rev. Stat. Ann. tit. 5, §§ 4551-4634, a state employment discrimination statute.

In response, the Houlton Band filed the instant lawsuit in federal district court.  The suit named as defendants Zetts, the Commission's members and executive director, and Maine's Attorney General.  The Houlton Band's two-count claim was that either as a result of its inherent tribal sovereignty and its alleged statutory right to self-governance, or as a result of tribal sovereign immunity, Maine was precluded from enforcing its anti-discrimination laws against the Houlton Band.  The Houlton Band sought both declaratory and injunctive relief to stop the Commission from proceeding with Zetts' complaint, and with any future discrimination complaints filed by employees and former employees of the Houlton Band.

The federal proceedings were originally held before a magistrate judge, and the defendants each moved to dismiss the complaint. The magistrate judge recommended that, as to the Commission members and the state individual defendants, the court should dismiss both counts under the doctrine of claim preclusion. This ruling was based on the fact that the Houlton Band had previously litigated similar issues in a 1996 lawsuit it filed against the Commission, a case that led to a final judgment against the Houlton Band. See Houlton Band of Maliseet Indians v. Me. Human Rights Comm'n, 960 F. Supp. 449 (D. Me. 1997). That earlier case had never been appealed. As to defendant Zetts, who had not been a party to the earlier lawsuit, the magistrate judge recommended that the tribe's claims be dismissed on the basis of issue preclusion. The district court adopted the magistrate judge's recommendations, and it dismissed the complaint.

On appeal, we need not resolve the contested issues surrounding the preclusion doctrines. That is because even if the Houlton Band is not precluded from bringing this lawsuit, it is clear that the tribe would lose on the merits. Our decision in Aroostook Band of Micmacs v. Ryan, Nos. 06-1127 and 06-1358, issued this same day, forecloses both of the Houlton Band's claims. Aroostook holds that a federal statute, the Maine Indian Claims Settlement Act of 1980, 25 U.S.C. §§ 1721-1735, allows Maine to enforce its employment discrimination laws against Maine tribes,

including the Houlton Band (and other than the Passamaquoddy Tribe and the Penobscot Nation).  See Aroostook, slip. op. at 16-31, 33-40, 47-49; see also 25 U.S.C. § 1725(a).

The judgment of the district court dismissing the action is affirmed.  Costs are awarded to the defendants-appellees.

**-Concurring opinion follows-**

**LIPEZ, <u>Circuit Judge</u>**, concurring.  I concur with the judgment of the majority affirming the judgment of the district court dismissing the action against all defendants, but reach that outcome on the basis of preclusion principles.